UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Nassir M. Hamed, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) Case No. 3:09-cv-00718 |
|    v. | ) |
| | ) |
| City of Belleville, Illinois, | ) |
| an Illinois municipal corporation , | ) **JURY TRIAL DEMANDED** |
| | ) |
| SERVE:   101 South Illinois Street. | ) |
|                Belleville, Illinois, 62220 | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT

Plaintiff, Nassir M. Hamed, an individual, by and through counsel Marvin L. Lindmark of Bobroff, Hesse, Lindmark and Martone, P.C. and John Bradford Goss of the Law Office of Brad Goss, L.L.C., and for his Complaint against the Defendant, City of Belleville, Illinois (the "City"), states as follows:

## FACTS APPLICABLE TO ALL COUNTS

1.    Plaintiff brings this action to require the City of Belleville, Illinois to grant a use variance and to recover the damages he has suffered as a result of Defendant's wrongful rejection of his use variance application.

2.    Plaintiff, Nassir Hamed, ("Plaintiff") is an individual residing in St. Clair County, Illinois, with an address of 308 Wilmington Drive, Belleville, Illinois.

3.    Plaintiff is the owner of certain property located in St. Clair County, Illinois with an address of 530 North Douglas Avenue, Belleville, Illinois (the "Property").

4.    Defendant, City of Belleville, Illinois, is a municipal body or corporation duly

1

organized and existing as a governmental unit within the State of Illinois located in St. Clair County, Illinois.

5. Plaintiff's causes of action occurred in St. Clair County, Illinois, as the claims concern real property located in St. Clair County, Illinois, which is located in the Southern District of Illinois, and raise federal questions concerning the violation of federal law; therefore, jurisdiction and venue are proper in this Court pursuant to 28 USC §§ 1331 and 1334. The Court has supplemental jurisdiction under 28 USC § 1367. Venue is proper pursuant to 28 USC § 1391.

6. A building is located on the Property which was constructed for use as a convenience or grocery store, which is unfit to serve as a residence, and which has been vacant in excess of ten years.

7. On February 7, 2000, the Property was rezoned single-family residential by the City of Belleville adoption of City Ordinance #6082.

8. The St. Clair County Real Estate tax bill for the Property classifies, in accordance with St. Clair County records, the land use for the Property as commercial with Land Use Code "0600", which is for commercial use.

9. On or about April 18, 2008, the Property was purchased by Plaintiff for the purpose of operating a convenience or grocery store.

10. The Property has been taxed at the higher rate for commercial property each year subsequent to its rezoning in 2000, up to and including on the current 2008 real estate tax invoice.

11. Plaintiff began renovation of the building on the Property (the "Building") in January of 2009 to restore the Building for its only feasible and intended purpose, pursuant to

permit issued by the City for commercial utilities, pursuant to a building permit. A copy of the building permit is attached hereto and incorporated herein as <u>Exhibit A</u>.

12.     On or about January 13, 2009, Plaintiff was required to and did obtain a commercial permit from Ameren, the electric company, for temporary service at the Property, because of the nature of the Building located on the Property.

13.     In January, 2009, a City Building Inspector met with Plaintiff, was informed of Plaintiff's intentions with regard to opening a convenience or grocery store on the Property, was present on the Property, did not inform Plaintiff that the Property was zoned residential, and allowed construction to continue.

14.     On March 21, 2009, after Plaintiff had completed substantial renovations and expended substantial funds on the Property, the same City Building Inspector who had previously visited the Property informed Plaintiff that the Property was zoned residential.

15.     On March 23, 2009, Plaintiff properly filed a completed Application for Use Variance (the "Application") with the City, a copy of which is attached hereto and incorporated herein by reference as <u>Exhibit B</u>.

## COUNT I
## INVERSE CONDEMNATION

16.     Plaintiff hereby incorporates and restates his allegations referenced in Paragraphs 1 through 15, inclusive, as if fully referenced herein.

17.     The Fifth Amendment of the United States Constitution and Article I, Section 15 of the Illinois Constitution, prevent government entities from taking private property without providing just compensation.

18.     Plaintiff purchased the Property with the intent of making use of its obvious and

only feasible purpose.

19. Pursuant to the City Zoning Ordinance, Division III, Section 60-12-17, a variance is to be recommended to the Council by the Board if strict application of the district requirements would result in great practical difficulties or hardship to the applicant, and prevent a reasonable return on the property.

20. The nature of the Property requires that a variance from single-family residential zoning be recommended by the Board to the Council which indeed it was, and such recommendation and finding of fact should have led to approval of the variance by the Council, which did not make any contrary findings of fact.

21. The City's refusal to grant the variance despite the unanimous recommendation by the Board amounts to a deprivation of Plaintiff's property rights and amounts to a taking of his property without compensation in violation of Plaintiff's rights under the United States Constitution.

22. Plaintiff's right to use the Property and the Building constructed thereon are valuable property rights from which he would benefit if not for the City's wrongful refusal to authorize the use variance.

23. Plaintiff has suffered damages as a direct and proximate result of the aforesaid violation of his constitutional rights by the City's refusal to authorize the use variance allowing the commercial use of the Property.

WHEREFORE, the Plaintiff, Nassir M. Hamed, requests judgment be entered in his favor and against the Defendant, City of Belleville, Illinois, in a sum for compensatory damages in excess of $50,000.00, plus his costs, expenses and reasonable attorneys' fees incurred in this action, for this Court to enter its order requiring the City to authorize the use variance requested

by Plaintiff in the Application and recommended by the Board, and for such other and further relief as the Court deems just and appropriate under the circumstances.

## COUNT II
## DENIAL OF EQUAL PROTECTION

24. Plaintiff hereby incorporates and restates his allegations referenced in Paragraphs 1 through 23, inclusive, as if fully referenced herein.

25. Under Amendment XIV of the Constitution of the United States and Article I, Section 2 of the State of Illinois Constitution, Plaintiff is entitled to equal protection under the law.

26. The City, through elected and/or unelected officials, denied Plaintiff equal protection by attending meetings scheduled by individuals opposed to Plaintiff's Application between the dates of the recommendation by the Board and the City Council meeting in which the Application was denied, to which Plaintiff was not invited, and at which Plaintiff was not entitled to be heard.

27. The City denied Plaintiff equal protection by failing to attend a neighborhood meeting open to the community and at which Plaintiff was heard.

28. The City denied Plaintiff equal protection by entering into the record petitions presented by citizens which were unrelated to the Application at the June 15, 2009 City Council meeting without reading the petitions to determine that the petitions were not addressed to Plaintiff's Application, citing those petitions as a reason for the denial of Plaintiff's Application without adequate review of the petitions, and without giving Plaintiff an opportunity and time to respond to the petitions.

29. The vast majority of signatures represented by the petitions entered into evidence

at the June 15, 2009 meeting and represented as opposing the Application were dated prior to Plaintiff's purchase of the Property, merely stated a general opinion by residents in favor of single-family residences in the area, and did not refer specifically to Plaintiff's Application or the Property.  A copy of these petitions are attached hereto and incorporated herein as <u>Exhibit C</u>.

30.     Prior to the City Council meeting of June 15, 2009, City records indicate that a criminal investigation of Plaintiff was conducted by the City which revealed that there were no prior arrests against Plaintiff.

31.     Prior to the City Council meeting of June 15, 2009, City records show that the City reviewed newspaper articles regarding terrorist links of people of Palestinian descent.

32.     The City does not run a criminal background check of every individual requesting a use variance or consider links to terrorism in evaluating use variance applications of other applicants.

33.     The City reviewed the facts related to Plaintiff's Application in an inconsistent manner and without applying standards equally or consistently with similar applications for use variances.

34.     Plaintiff been damaged by City's denial of his right to equal protection under the law by the loss of funds expended in improving the Property, loss of the value of the Property, and the payment of higher real estate taxes on the Property due to the Property being taxed at a commercial rate.

   WHEREFORE, Plaintiff, Nassir M. Hamed, respectfully requests the Court to issue judgment in his favor and against the City, enter its order awarding compensatory and exploratory damages against the City in an amount in excess of $50,000.00, requiring the City to pay Plaintiff's reasonable attorneys' fees, costs and expenses, and for such other additional relief

as this Court may deem just and proper under the circumstances.

## COUNT III
## DENIAL OF DUE PROCESS

35. Plaintiff hereby incorporates and restates his allegations referenced in Paragraphs 1 through 34 inclusive, as if fully referenced herein.

36. Under Article XIV of the Constitution of the United States and under Article I, Section 2 of the Constitution of the State of Illinois, Plaintiff is entitled to due process in actions taken by City under the law.

37. The City denied Plaintiff due process by failing to provide Plaintiff with an opportunity to be heard at all meetings attended by City officials related to the Application and by considering Plaintiff's national origin in the evaluation of Plaintiff's use variance.

38. Plaintiff has been damaged by the City's denial of its right to due process by the loss of funds expended in improving the Property, loss of the value of the Property, the payment of higher real estate taxes on the Property, and due to its being taxed at a commercial rate.

WHEREFORE, Plaintiff, Nassir M. Hamed, respectfully requests the Court to issue judgment in his favor and against the City, enter its order awarding compensatory and exploratory damages against the City in an amount in excess of $50,000.00, requiring the City to pay Plaintiff's reasonable attorneys' fees, costs and expenses, and for such other additional relief as this Court may deem just and proper under the circumstances.

## COUNT IV
## SECTION 1983 CLAIM - VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

39. Plaintiff hereby incorporates and restates his allegations referenced in Paragraphs 1 through 38, inclusive, as if fully referenced herein.

40. In its denial of Plaintiff's Application, the City purported to take such action

under color of state law, namely, the Illinois Municipal Code contained in 65 ILCS 5/11.

41. The Plaintiff has a vested or protected property interest in obtaining a use variance, having made proper Application and the Board making affirmative findings of fact and a unanimous recommendation for the issuance of the use variance to the City Council.

42. Plaintiff has a property interest in the Property and the operation of a convenience store business thereon.

43. By its conduct in denying Plaintiff's Application, City deprived Plaintiff of his property interests and his rights and privileges guaranteed under federal law and the 14th Amendment of the United States Constitution.

44. Plaintiff is entitled to due process and equal protection under the law.

45. Plaintiff is of Middle Eastern descent.

46. Prior to the City Council meeting of June 15, 2009, City records indicate that a criminal investigation of Plaintiff was conducted by the City which revealed that there were no prior arrests against Plaintiff.

47. The City does not run a criminal background check of every individual requesting a use variance.

48. The City records of Plaintiff's variance request include an entry prior to the June 15, 2009 City Council meeting, of a newspaper article indicating that it was downloaded from the internet on May 18, 2009 regarding the funneling of money to Palestinian terrorists by market and liquor stores, a copy of which is attached hereto and incorporated herein by reference as <u>Exhibit D</u>.

49. The City has violated Plaintiff's civil rights by discriminating against Plaintiff on the basis of his race and national origin, taking additional actions regarding individual

background checks, and discussing and/or circulating stories related to theories based upon his race and/or nationality.

50.     The City's actions in violating Plaintiff's civil rights were taken with intentional disregard of the law and with knowledge of the fact that its actions would deprive Plaintiff of his property rights, and therefore, City's acts were irrational, and more than arbitrary and capricious.

51.     The City's actions violate 42 USC §1983.

WHEREFORE, Plaintiff, Nassir M. Hamed, respectfully requests the Court to issue judgment in his favor and against the City, enter its order awarding damages against the City in an amount in excess of $50,000.00, requiring the City to pay Plaintiff's reasonable attorneys' fees, costs and expenses, and for such other additional relief as this Court may deem just and proper under the circumstances.

## COUNT V
## APPEAL PURUSANT TO ADMINISTARATION PRCEEDURE ACT

52.     Plaintiff hereby incorporates and restates his allegations referenced in Paragraphs 1 through 51, inclusive, as referenced herein.

53.      Plaintiff's Application was properly noticed and scheduled for hearing before the City Zoning Board of Appeals (the "Board") at a meeting on April 23, 2009, which hearing was tabled until May 28, 2009.

54.     At the public hearing before the Board on May 28, 2009, after hearing appropriate evidence, Plaintiff's Application was unanimously approved and submitted by advisory report for approval to the City Council pursuant to City Zoning Code Division III, Section 60-12-17.

55.     The minutes of the May 28, 2009 Board meeting attached hereto and incorporated herein by reference as Exhibit E show that the matter was fully discussed and considered by the

Board which heard arguments from residents in favor of and residents opposed to the variance, as well as members of the Board who posed questions to Plaintiff.

56. Pursuant to the City Zoning Ordinance, Division III, Section 60-12-17, the Board shall not recommend any variance to the Council unless it determines that each of the following factors are present:

"(A) the proposed variance is consistent with the general purposes of this code (See Section 60-1-1); and

(B) strict application of the district requirements would result in great practical difficulties or hardship to the applicant, and prevent a reasonable return on the property; and

(C) the proposed variance is the minimum deviation from such requirements that will alleviate the difficulties/hardship, and allow a reasonable return on the property; and

(D) the plight of the applicant is due to peculiar circumstances not of his own making; and

(E) the peculiar circumstances engendering the variance request are not applicable to other property within the district, and therefore, that a variance would be a more appropriate remedy than an amendment (rezoning); and

(F) the variance, if granted, will not alter the essential character of the area where the premises in question are located nor materially frustrate implementation of this municipality's comprehensive plan".

57. In making its unanimous, affirmative recommendation to grant the use variance, the Planning and Zoning Board of Appeals found after a consideration of the evidence at the public hearing that each of the required factors were met.

58. Plaintiff's Application was duly scheduled and heard by the Belleville City Council on June 15, 2009 at which time Plaintiff's Application was denied.

59. The Council did not set forth in writing or otherwise record findings of fact contrary to those contained in the recommendations of the Planning and Zoning Board of

Appeals.

60. The decision of the Counsel to deny the Application was arbitrary, unreasonable and capricious.

61. The City acted with intentional disregard of Illinois law and its ordinance.

62. The decision made by the Belleville City Council on June 15, 2009 was a final administrative decision.

63. Pursuant to Illinois law, 65 ILCS 5/11-13-13, all final administrative decisions are subject to judicial review.

WHEREFORE, the Plaintiff, Nassir M. Hamed, requests judgment be entered against the Defendant, City of Belleville, Illinois, requiring that the City of Belleville be required to grant the Plaintiff's Application for the use variance, award Plaintiff his fees, costs and reasonable attorneys' fees, and for such other and further relief as the Court may deem appropriate.

## COUNT VII
## DECLARATORY JUDGMENT

64. Plaintiff hereby incorporates and restates his allegations referenced in paragraphs 1 through 63, inclusive, as if fully referenced herein.

65. Although the Building remained vacant for ten years, City did not require the demolition of the vacant Building for which no purpose was feasible other than the commercial use for which it was constructed.

66. Plaintiff purchased the Property in reliance upon the purpose which was apparent by the nature of the structure located on the Property and upon the benefit received by the City in the taxing of the real estate as commercial.

67. Plaintiff began substantial renovations of the Property after meeting with a City

official on the site of the Property who was aware and informed by Plaintiff of Plaintiff's intended use of the Property and his plans to expend substantial funds in renovating the Property, and who did not inform Plaintiff of the residential zoning of the Property until after Plaintiff had expended substantial additional funds in renovating the Property.

68. Plaintiff performed the renovations pursuant to permits issued by the City.

69. Prior to commencing renovation, Plaintiff obtained a temporary permit from the City allowing Plaintiff to undertake the renovations to the Building along with literature from the City regarding the operation of a business in the City and welcoming Plaintiff's new business to the City.

70. The Plaintiff has been damaged by his detrimental reliance upon the City as set forth above by the loss of funds expended in improving the Property and loss of the value of the Property.

71. The Plaintiff is entitled to use the Property as a grocery or convenience store and to the granting of a use variance conforming to the commercial use of the Property.

72. The City wrongfully refuses to grant the use variance to the Plaintiff.

73. The Plaintiff will suffer irreparable harm unless the City is required to grant the use variance properly requested by Plaintiff.

74. The Plaintiff is without an adequate remedy at law as monetary damages cannot restore Plaintiff's use of the Property and Building for the only, obvious, and intended purpose of the Building and Property.

WHEREFORE, the Plaintiff, Nassir M. Hamed, requests judgment be entered against the Defendant, City of Belleville, Illinois, requiring that the City of Belleville be required to grant the Plaintiff's Application for the use variance, award Plaintiff his fees, costs and reasonable

attorneys' fees, and for such other and further relief as the Court may deem appropriate.

        Respectfully submitted,

        By:_s/Andy J. Martone_____
        BOBROFF HESSE LINDMARK
         & MARTONE, P.C.
        Andy J. Martone, #06203524
        Marvin L. Lindmark, #06199363
        1650 Des Peres Road, Suite 200
        St. Louis, MO 63131
        (314) 862-0300 – Telephone
        (314) 862-7010 – Facsimile
        marvinlindmark@bobroffhesse.com

        and

        LAW OFFICE OF BRAD GOSS, L.L.C
        John Bradford Goss, #6199556
        1475 Fairgrounds Road, Suite 102
        St. Charles, MO 63301
        (636) 916-3100 – Telephone
        (636) 916-3205 – Facsimile
        brad@gosslegal.com

        Attorneys for Plaintiff, Nassir M. Hamed

Plaintiff request trial by jury