IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NASSIR M. HAMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3 : 09-cv-00718 |
| ) | |
| THE CITY OF BELLEVILLE, ILLINOIS ) | |
| An Illinois Municipal Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**MOTION TO DISMISS
AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW, Defendant, THE CITY OF BELLEVILLE, ILLINOIS, by and through its undersigned attorneys, and hereby moves for an order dismissing the Plaintiff's Complaint pursuant to FRCP 12(b)(6) and FRCP 12(b)(1). In support of its Motion Defendant files this Memorandum in Support thereof stating as follows:

**INTRODUCTION**

Plaintiff claims he was discriminated against because of his race in that he was not granted a zoning variance to open a convenience store in a residentially zoned area. The subject property is at 530 North Douglas Avenue, Belleville, Illinois (hereinafter the "property").

The property consists of a building that has been vacant for over ten years. (Plaintiff's Complaint ¶ 6). On February 7, 2000, the property was rezoned single-family residential by the City of Belleville in their adoption of City Ordinance #6082. (Id. at ¶ 7). The St. Clair County Real Estate tax bill for the property classifies, in accordance with St. Clair County records, the land use for the property as commercial. (Id. at ¶8).

Between the 2000 rezoning and the 2008 purchase, the property was taxed at the higher commercial rate. (Id. at ¶10).   Plaintiff alleges that he purchased the property on April 18, 2008 for the purpose of operating a convenience or grocery store. (Id. at ¶9). The Plaintiff further alleges that he received the required building and commercial permits, and he also met with a City Building Inspector in January 2009 who he says did not inform him of the residential restriction. (Id. at ¶13).  On March 21, 2009 the Plaintiff claims that he had completed his renovations when the same building inspector returned to inform him that there was a residential restriction.  (Id. at ¶14).  Plaintiff filed an application for a variance with the City on March 23, 2009.  (Id. at ¶15).  Said application was recommended by the zoning board of appeals and denied by the City council.

     Plaintiff filed his six Count Complaint in this Court on September 9, 2009 against the City of Belleville, Illinois pursuant to 28 USC § 1331.   Respectively, Counts I-VI are: "Inverse Condemnation," "Denial of Equal Protection," "Denial of Due Process," "Section 1983 Claim-Violation of Plaintiff's Civil Rights," "Appeal Pursuant to Administration [sic] Procedure Act," & "Declaratory Judgment."

     Plaintiff's Complaint has not (and cannot) state any claim upon which relief can be granted; and therefore, it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Specifically, Counts I &VI do not invoke Federal Jurisdiction and should not only be dismissed pursuant to Rule 12(b)(6) but they should also be dismissed for jurisdictional purposes pursuant to Rule 12(b)(1).

## LAW

**A.     Standard 12(b)(6)**

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

**B.     Standard 12(b)(1)**

When seeking to dismiss a claim pursuant to Rule 12(b)(1), a party may engage in either a facial or a factual attack. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 n. 2 (7th Cir.2002); Freiburger v. Emery Air Charter Inc., 795 F.Supp. 253, 256-57 (N.D.Ill.1992).

In a facial attack, the movant asserts that "allegations of jurisdiction in the pleadings are facially insufficient to demonstrate the existence of jurisdiction." Freiburger, 795 F.Supp. at 256. The court must take the material allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir.2003). In a factual attack, the movant challenges the

factual existence of subject matter jurisdiction. *Freiburger,* 795 F.Supp. at 257. The allegations in the complaint do not control in a factual attack; only uncontroverted allegations are accepted as true for the purposes of such a motion. See *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir.1998). Finally, the plaintiff bears the burden of providing "competent proof" that jurisdiction exists. *Target Mkt. Publ'g v. Advo, Inc.*, 136 F.3d 1139, 1142 (7th Cir.1998).

This Court should dismiss with prejudice Counts I-VI of Plaintiff's Complaints in Defendant's favor and against Plaintiffs. Further, Counts I & VI should not only be dismissed for the previously stated reasons, but they should also be dismissed pursuant to Rule 12(b)(1). A dismissal under Rule 12(b)(1) is proper when there is a lack of standing because the district court does not have subject matter jurisdiction. *Morast v. Lance*, 807 F.2d 926, 932 n. 6 (11th Cir.1987).

**C.      42 U.S.C. 1983**

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who has deprived him of the right acted under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). "A unit of state or local government does not violate the federal Constitution just because it violates a state or local law". *Archie v. Racine*, 847 F.2d 1211, 1215-18 (7th Cir.1988).

**ARGUMENT**

**I.      The Court Should Dismiss the Plaintiff's Complaint in its Entirety because it is Not Ripe for Adjudication.**

In general, Article III of the Constitution restricts the jurisdiction of federal courts to "cases or controversies," and prohibits such courts from issuing advisory opinions.

*Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir.1992). Implicit in these requirements is the doctrine of ripeness, which provides generally that federal courts may not adjudicate cases where "the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Id*. The ripeness doctrine has both a constitutional component based on Article III and a prudential component based on the discretionary power of a court to refuse review for policy concerns. See *Reno v. Catholic Soc. Servs.,* Inc., 509 U.S. 43, 57 n. 18, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993); In determining whether a case is ripe, a court will consider two factors: (1) whether the issue is fit for judicial decision; and, if not, (2) whether there will be any hardship to the parties if the court withholds consideration. See *Texas v. United States*, 523 U.S. 296, 300-01, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998). A plaintiff has the burden of proving a case is ripe for adjudication. See *Ostergren v. Village of Oak Lawn*, 125 F.Supp.2d 312, 323 (N.D.Ill.2000).

As a general rule, of course, there is no requirement that a plaintiff asserting a deprivation of constitutional rights by persons acting under color of state law must exhaust administrative remedies before bringing an action under 42 U.S.C. § 1983. See *Patsy v. Florida Bd. of Regents*, 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); However, in the context of constitutional challenges to local land use regulation, the ripeness doctrine imposes on litigants a duty to pursue state remedies before seeking recourse to federal court. In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the Court held that before initiating a constitutional challenge to local land use regulation in federal court, a plaintiff must demonstrate that he or she has both received a "final decision regarding the application of the [challenged] regulations to the property at issue" from "the government entity charged with implementing the regulations," and has sought

"compensation through the procedures the State has provided for doing so." *Id*. at 186, 194, 105 S.Ct. 3108.  As the Williamson County Court explained, "no constitutional violation occurs until just compensation has been denied," which therefore obligates the "property owner [to] utilize procedures for obtaining compensation before bringing a § 1983 action." 473 U.S. at 194 n. 13, 105 S.Ct. 3108.

Here, Plaintiff has failed to exhaust his administrative state law remedies and therefore his Complaint alleging constitutional deprivations is not ripe for adjudication.

## II.    The Court Should Dismiss Count I of Plaintiff's Complaint because Plaintiff did not invoke Federal Subject-Matter Jurisdiction.

Illinois law bars the bringing of a federal "taking" claim where the state provides an adequate procedure for seeking just compensation. *Conroy v. Village of Lisle*, 716 F. Supp. 1104, 1106-07 (N.D. Ill. 1989)(Shadur, D.J.).(In *Conroy*, the court held that the plaintiffs failed to comply with Illinois' inverse condemnation procedure and that was fatal to plaintiffs takings claim. The court further held that once plaintiff purchased property with an existing zoning restriction already in place, no taking took place). In Illinois, the property owner must first pursue this claim by means of "inverse condemnation" at the state level and cannot initially begin at the federal level.  *Id*. at 1107.  Also, the court said no taking occurs when property is purchased with a zoning ordinance already in place.  *Id*.  The property is viewed in a light as to the time at which it was purchased, and therefore, no deprivation of rights occurs when a person purchases a piece of property under a zoning restriction.  *Id*.

Plaintiff asserts a federal takings claim in violation of the Fifth Amendment.[1] In order to state a Fifth Amendment federal takings claim, the plaintiffs must first exhaust all state remedies. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985). The Plaintiffs must first show that "the governmental entity charged with implementing the regulations has reached a final decision regarding the applications of the regulations to the property at issue." *Id*. "If a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195; *Hager v. City of West Peoria*, 84 F.3d 865, 868-9 (7th Cir.1996) (affirming dismissal of claim where plaintiffs did not complete state court procedures for inverse condemnation). Moreover, only "scant process is 'due' in zoning cases: so far as the Constitution is concerned, state and local governments are not required to respect property owners' rights, and there is therefore no obligation to provide hearings to ascertain a protected core." *River Park, Inc. v. City of Highland Park,* 23 F.3d 164, 168 (7th Cir.1994).

"This Court is not a zoning board of appeals*", Estate of Himelstein v. City of Forth Wayne*, 898 F.2d 573, 578 (7th Cir.1990), and state law provides adequate post-deprivation remedies in the form of a mandamus action. *Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 179 (7th Cir.1996).

When presented with a similar issue the 7th Circuit in *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 165 (7th Cir.1994), stated,

---

FN1. With no federal actor in the picture here, the Fifth Amendment's Due Process Clause is inapplicable ex proprio vigore to defendants' actions. Plaintiffs can assert only the Fourteenth Amendment's guaranty of due process.

> Federal courts are not boards of zoning appeals. This message, oft-repeated, has not penetrated the consciousness of property owners who believe that federal judges are more hospitable to their claims than are state judges. Why they should believe this we haven't a clue; none has ever prevailed in this circuit, but state courts often afford relief on facts that do not support a federal claim. Is it that they have omitted the steps necessary to obtain review in state court and hope for the best in a second-chance forum? Well, we are not cooperating. Litigants who neglect or disdain their state remedies are out of court, period.

Here, Plaintiff has not exhausted administrative remedies at the state level. His primary action was within this District at the Federal level. Plaintiff cannot pursue a taking claim when the property he purchased had the zoning ordinance in place because he has not suffered a deprivation of rights. Thus, Count I should be dismissed because the Plaintiff failed to exhaust state remedies and further fails to state a claim upon which relief can be granted under the same facts as *Conroy v. Village of Lisle*, 716 F. Supp. 1104, 1106-07 (N.D. Ill. 1989)(Shadur, D.J.).

**III.   The Court Should Dismiss Count II (Denial of Equal Protection) of Plaintiff's Complaint because the Plaintiff has Failed to Plead a Comparative Individual to Establish Disparate Treatment.**

"The purpose of the Equal Protection Clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by the express terms of a statute or by its improper execution through duly constituted agents." *Smith v. City of Chicago*, 457 F.3d 643, 650 (7th Cir.2006). An individual can maintain an equal protection challenge based upon a class of one theory by asserting that the "individual has been irrationally singled out without regard for any group affiliation, for discriminatory treatment." *United States v. Moore*, 543 F.3d 891, 896 (7th Cir.2008). To state a claim under a class of one equal protection theory, the plaintiff must allege that: 1) the defendant intentionally treated the plaintiff differently than others who are similarly situated; and 2) there is no rational

basis for the different treatment or the cause of the different treatment is based on the defendant's totally illegitimate animus towards the plaintiff. See *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 638 (7th Cir.2007).  An individual seeking to assert a class of one equal protection claim based on the denial of zoning ordinance variances must establish that he was similarly situated to other individuals.  See *Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455-56 (7th Cir.2002).  Failure to identify a specific comparative person or entity will result in dismissal for failure to state a claim. *Labella Winnetka, Inc. v. Village of Winnetka*, Slip Copy, 2009 WL 721136, pg. 6 (N.D.Ill.,2009)(Kendall, D.J.). (Plaintiff alleged similarly situated entities but failed to establish that it was similarly situated in all material respects and therefore failed to state a claim requiring dismissal).   Here Plaintiff has failed to name or identify any comparative individual whatsoever. Therefore, Plaintiff's claim under Count II should be dismissed.

  Notwithstanding the above, Plaintiff's allegations of a denial of equal protection fall short of the mark.   Plaintiff states that he was denied equal protection of the laws in the following ways: (1) The City (though elected/unelected officials) attended meetings scheduled by individuals opposed to Plaintiff's development plans to which Plaintiff was not invited and at which Plaintiff was not entitled to be heard. (Plaintiff's Complaint ¶ 26).  (2) By failing to attend a neighborhood meeting open to the community at which Plaintiff was heard.  (*Id*. ¶ 27). (3) By entering into the record a petition presented by citizens in opposition to Plaintiff's development proposal.  (*Id*. ¶ 28).  (4) The City "reviewed newspaper articles regarding terrorist links of people of Palestinian decent." (*Id*. ¶ 31).  (5) The City checked the Plaintiff's criminal background

and the City does not check all applicants of variances for criminal backgrounds.  (*Id*. ¶ 32).

    (1)    The City (though elected/unelected officials) attended meetings scheduled by individuals opposed to Plaintiff's development plans to which  Plaintiff was not invited and at which Plaintiff was not entitled to be heard.

This does not violate the equal protection clause. Nothing in this allegation establishes the defendant intentionally treated the Plaintiff differently than others who are similarly situated.

    (2)    By failing to attend a neighborhood meeting open to the community at which Plaintiff was heard.

This does not violate the equal protection clause. Nothing in this allegation establishes the defendant intentionally treated the plaintiff differently than others who are similarly situated.

    (3)    By entering into the record a petition presented by citizens in opposition to Plaintiff's development proposal.

This does not violate the equal protection clause. Nothing in this allegation establishes the defendant intentionally treated the plaintiff differently than others who are similarly situated.

    (4)    The City "reviewed newspaper articles regarding terrorist links of people of Palestinian decent."

This does not violate the equal protection clause. Nothing in this allegation establishes the defendant intentionally treated the plaintiff differently than others who are similarly situated, which have not been identified.  Further, Plaintiff does not allege that reviewing "newspaper articles" had any effect on the denial of the Plaintiff's application.

(5) The City checked the Plaintiff's criminal background and the City does not check all applicants of variances for criminal backgrounds.

This does not violate the equal protection clause. Nothing in this allegation establishes the defendant intentionally treated the plaintiff differently than others who are similarly situated, which have not been identified.

**IV. The Court should Dismiss Count III of Plaintiff's Complaint because there Cannot be a Denial of Procedural Due Process when Plaintiff did in Fact Have an Opportunity to be Heard Concerning his Zoning Variance at the City Council Meeting where his Variance was Denied.**

The due process clauses in the fifth and fourteenth amendments do not protect property interests unconditionally. They say that no one may "be deprived of life, liberty, or property, without due process of law". Due process usually means notice and an opportunity for a hearing. State law defines property; federal law defines the process that is "due." See *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), among many similar decisions. Defendant assumes Plaintiff refers to procedural due process under Count III of his complaint because Plaintiff refers to the City denying "the Plaintiff due process for failing to provide Plaintiff with an opportunity to be *heard* at all meetings attended by City officials". (Plaintiff's Complaint ¶ 37)(Emphasis supplied). Plaintiff is not interested in notice and hearing, Plaintiff seeks "compensatory and exploratory damages against the City in an amount in excess of $50,000.00..." It is clear, Plaintiff does not want "process" he wants money. Therefore, this due process claim should be dismissed. See *Goros v. County of Cook*, 489 F.3d 857 (7th Cir.2007).

Furthermore, Plaintiff does not state a claim for the denial of due process, as he is claiming that he did not have an opportunity to be heard at *all* of the meetings he

attended relating to his application. (Plaintiff's Complaint ¶ 37)(Emphasis supplied). Plaintiff did in fact have notice along with an opportunity to step forward and speak on the topic at the city meeting where his variance was denied; and therefore, the no "process" was denied. No due process claim exists when a person has the opportunity to appear before the administrator and offer evidence in support of his or her recommendations or requests. *Opp Cotton Mills v. Administrator of Wage and Hour Division of Department of Labor*, 312 U.S. 126, 154 (1941). Here, Plaintiff had this opportunity and his zoning variance was denied at the city council meeting.

**V.      The Court should Dismiss Count IV of Plaintiff's Complaint because Plaintiff has Failed to State a Claim for a Substantive Due Process Violation.**

Defendant assumes Plaintiff is alleging a violation of substantive due process because the Plaintiff alleged he was deprived of a property interest in the property and the operation of a convenience store. With respect to this substantive due process claim, Plaintiff appears to have assumed that because the denial of the variance has to do with land, a substantive constitutional property interest is at stake. Realistically, Plaintiff has not been deprived of a "right" to operate a convenience store, (the land was zoned residential when Plaintiff purchased the property) and that deprivation is a limited, perhaps minimal, incursion into his property rights (the denial of the variance does not inhibit the use of the land as residential property). If so, it is not a deprivation at all, in the constitutional sense, and the due process clause is not in play. There are only a "handful of fundamental rights [for which] the due process clause has a substantive component," *Washington v. Glucksberg*, 521 U.S. 702, 719, 117 S.Ct. 2258 138 L.Ed.2d 772 (1997), and the "right" to use property in a specific way is not "fundamental".

Thus, in order to prevail on a substantive due process claim, Plaintiff must allege and prove that the denial of his variance is arbitrary and unreasonable bearing no substantial relationship to the public health, safety or welfare.  *Burrell v. City of Kankakee*, 815 F.2d 1127, 1129 (7th Cir.1987).

*Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 467 (7th Cir.1988) is even more blunt:

> This case presents a garden-variety zoning dispute dressed up in the trappings of constitutional law-a sure sign of masquerade being that the plaintiffs do not challenge the constitutionality of the zoning ordinances of the Village ... but argue rather than [sic-should be"that"] the Board of Trustees had no authority under those ordinances to reject their site plan once the Village Plan Commission had approved it.

That principle applies with equal force to the challenge Plaintiff brings here to the denial of their requested zoning variance by City Council. And *Coniston,* goes on to hold such an individual zoning decision denies substantive due process only if it is "invidious or irrational." See also *Albery v. Reddig*, 718 F.2d 245, 251 (7th Cir.1983) (denial of a zoning variance; "[t]o prevail on [substantive due process] theory, plaintiffs must allege and prove that the [ordinance] is arbitrary and unreasonable or that its application bears no substantial relation to the public health, safety or morals"; held, denial was not unreasonable);  *Barbian v. Panagis*, 694 F.2d 476 (7th Cir.1982) (grant to plaintiffs' neighbors of a variance from noise ordinance; recognized § 1983 action based on substantive due process; held, grant of variance was reasonable).

What is apparent from these cases is that a plaintiff bears a very heavy burden in a substantive due process action attacking a decision of local zoning officials. And rightly so, for the federal courts are not zoning boards of appeal and will not overturn merely erroneous decisions. The plaintiff must overcome a presumption that the

decision was reasonable and prove that the decision was irrational.  The Plaintiff has failed to allege such. Therefore, the Court should dismiss Count IV of the Plaintiff's Complaint.

**VI.     The Court Should Dismiss Count V of Plaintiff's Complaint because an Action Pursuant to Administrative Procedure Act (65 ILCS 5/11-13-13) is a Prerequisite to Filing the Instant Action and Until Plaintiff Satisfies said Action He Cannot Pursue Constitutional Claims Simultaneously.**

Plaintiff's Count V should be dismissed because it is a prerequisite to filing the instant action.  Since Plaintiff has failed to exhaust administrative remedies, and assuming the Court will not forgive the Plaintiff's failure to exhaust, Count V is either dead on arrival or should be brought in state court.

**VII.    The Court Should Dismiss Count VI of Plaintiff's Complaint because Declaratory Judgment, does not invoke Federal Jurisdiction unless there is an "actual controversy," which does not exist here.**

The Plaintiff is seeking a Declaratory Judgment claiming there is no adequate remedy at law and that monetary damages cannot restore Plaintiff's use of the Property and Building for the "only, obvious, and intended" purpose.  Federal courts have subject-matter jurisdiction to hear declaratory judgment actions only where there is an "actual controversy."  *28 U.S.C. Section 2201*.  The "actual controversy" requirement of the Declaratory Judgment Act is akin to the "case or controversy" requirement of Article III where a party must show that:  (i) it suffered an "injury in fact" which is "concrete and particularized" and "actual and imminent, not conjectural or hypothetical;" (ii) that there is a "causal connection between the injury and the conduct complained of;" and (iii) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

For all the above reasons the Plaintiff has failed to establish ripeness or injury in act. Therefore, the Court should dismiss Plaintiff's Count VI for declaratory judgment

## CONCLUSION

For the forgoing reasons, Defendant, **THE CITY OF BELLEVILLE**, respectfully requests that this Court Dismiss with prejudice Count's I, II, III, IV, V & VI within Plaintiff's Complaint and order such other relief as this Court deems just and proper.

**BECKER, PAULSON, HOERNER & THOMPSON, P.C.**

By:  s/ *Brian T. Kreisler*
      Brian T. Kreisler #6283303
      Alvin C. Paulson # 6193202

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, Illinois  62226-4797
(618) 235-0020

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2009, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification to all attorneys of record.