# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NASSIR M. HAMED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 3:09-cv-00718 |
| | ) | |
| CITY OF BELLEVILLE, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Nassir M. Hamed ("Plaintiff"), by his counsel, presents his memorandum in opposition to the Motion to Dismiss filed by the Defendant City of Belleville, Illinois ("Defendant" or the "City"), and states as follows:

## I.    INTRODUCTION.

Plaintiff's Complaint broadly pleads that the City of Belleville denied his request for a zoning variance on the basis of his national origin and race, resulting in Constitutional and state law violations.  Compl. at ¶¶ 45, 49.  The Complaint alleges that the City has denied Plaintiff's constitutional and state law rights by, among other things, reviewing newspaper articles about terrorist links of individuals of Middle Eastern descent and conducting a criminal background check of Plaintiff in connection with his zoning variance request, which the City does not typically conduct in response to a zoning variance request, and basing its denial upon Plaintiff's race and national origin.  Compl. at ¶¶ 32-31.  The lawsuit alleges that the City's prejudiced views of individuals of Middle Eastern descent led to its trampling of Plaintiff's Constitutional and state law rights by its denial of a zoning variance to operate a grocery store on a corner lot that was used as a commercial lot and contained a commercial building, was taxed as commercial property, was being improved with the City's knowledge for continued commercial

use, and has otherwise been held out to be commercial property by the City.

Defendant's Motion to Dismiss similarly reflects a continuing disregard for the law. Defendant has presented a Motion to Dismiss that is disingenuous through ignoring this Court's supplemental jurisdiction, misrepresenting the allegations of Plaintiff's Complaint, and misrepresenting existing case law.

**II.    This Case is Ripe for Adjudication Pursuant to *Williamson County Regional Planning Commission* Despite the Arguments Made in Section I of Defendant's Motion to Dismiss.**

Section I of Defendant's Motion to Dismiss claims Plaintiff's entire Complaint is not ripe.  The ripeness doctrine in relation to land use issues was established by *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985).  In that case, a developer sought approval of a plat for a residential development.  *Id.* at 177-182.  After obtaining initial approval, the County changed its zoning ordinance, which made the previously conforming plat nonconforming.  *Id.* at 178-179.  The zoning commission ultimately rejected the developer's plat for eight specific reasons.  *Id.* at 181-182.  The developer then brought a 42 U.S.C. § 1983 complaint alleging the commission had taken its property without just compensation in violation of the Fifth Amendment of the United States Constitution and in violation of the due process clause of the Fifth Amendment through the Fourteenth Amendment. *Id.* at 185.

The *Williamson* court determined that the Fifth Amendment takings clause count was not ripe because the developer had failed to first seek zoning variances from the County regarding the eight reasons its plat was disapproved.  *Id.* at 190-191.  The *Williamson* case is clearly distinguishable because the instant case concerns the denial of a zoning variance by the City Council from which there was no body to which an appeal could be made other than a court of competent jurisdiction.  Moreover, the Williamson court stated that with regard to the due

process clause, all that was required for a claim was the property owner's seeking a final

determination from the zoning board by seeking a zoning variance.  *Id.* at 199-200.

In this case, Plaintiff has pled that he filed an Application for Use Variance and the City

Council denied his zoning variance request.  Compl. at ¶¶ 15, 21.  Thus, *Williamson* cannot

support denial of Plaintiff's Complaint, because he has sought a zoning variance through the

final level of administrative appeal, and therefore, has pled the necessary final administrative

action.  Defendant's Motion to Dismiss does not claim Plaintiff could have pursued any further

administrative action nor dispute that its denial of Plaintiff's zoning variance request was final

agency action.  For these reasons, section I of Defendant's Motion to Dismiss must be denied.

Count I of Plaintiff's cause of action also survives the *Williamson* ripeness doctrine

analysis, because of this Court's supplemental jurisdiction over state law claims.  *See, e.g., White

v. Co. of Newberry, South Carolina*, 985 F.2d 168, 172 (4th Cir. 1993) (upholding district court's

decision to exercise supplemental jurisdiction over inverse condemnation claim); *Albahary v.

City and Town of Bristol, Conn.*, 963 F. Supp. 150, 153 (D. Conn. 1997) (holding "plaintiffs'

inverse condemnation count brought in federal court under its supplemental jurisdiction is not

"premature" under *Williamson*.").

## III.   This Court Has Subject Matter Jurisdiction Over Count I of Plaintiff's Complaint Alleging a Fifth Amendment Takings Claim and a State Inverse Condemnation Claim.

Section II of Defendant's Motion to Dismiss alleges this Court lacks subject matter

jurisdiction over Count I of Plaintiff's Complaint.  However, Count I alleges both a federal

takings clause action and a state inverse condemnation claim.  Plaintiff's Complaint pleads this

Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334, and 1367.  Compl. at ¶ 5.[1]  Pursuant to

28 U.S.C. § 1331, this Court has original jurisdiction over claims arising under the Constitution,

---

[1] Defendant's Motion to Dismiss ignores Plaintiff's invocation of this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 by claiming Plaintiff alleged only jurisdiction pursuant to 28 U.S.C. § 1331.  Defs. Mot. To Dismiss at 2.

laws, or treaties of the United States.  Counts I, II, III, IV, and VII[2] each arise under federal law

or the United States Constitution.  Thus, this Court has original jurisdiction over those claims.

Counts I and V include state law claims over which this Court has supplemental

jurisdiction pursuant to 28 U.S.C. § 1367, which provides: "in any civil action of which the

district courts have original jurisdiction, the district courts shall have supplemental jurisdiction

over all other claims that are so related to claims in the action within such original jurisdiction

that they form part of the same case or controversy."  All of Plaintiff's Counts rely upon the

same set of operative facts.  Compl. at ¶¶ 1-15.  Thus, this Court should exercise its supplemental

jurisdiction over Count I of Plaintiff's Complaint to the extent Plaintiff's Complaint alleges

inverse condemnation pursuant to state law.  *See, e.g., White v. Co. of Newberry, South Carolina*,

985 F.2d 168, 172 (4th Cir. 1993) (upholding district court's decision to exercise supplemental

jurisdiction over inverse condemnation claim).

## IV.    Plaintiff Has Alleged a Violation of His Right to Equal Protection of the Law Based on His National Origin and Race, Not as a Class of One, Therefore, Count II Should Not be Dismissed.

Section III of Defendant's Motion to Dismiss seeks to dismiss Count II of Plaintiff's

Complaint, which alleges a violation of Plaintiff's right to Equal Protection pursuant to the

Fourteenth Amendment.  Defendant erroneously classifies Plaintiff's Count II as a "class of one"

Equal Protection challenge.  However, Plaintiff has alleged his Equal Protection claim arose as a

result of his national origin and race and manifested itself in the inconsistent treatment of his

zoning variance application.  Compl. at ¶¶  44-49, 24-34.  Plaintiff claims the City treated him

differently due to his national origin and race; this is not a class of one Equal Protection case.

*See, e.g., Engquist v. Or. Dep't of Ag.*, 128 S. Ct. 2146, 2152-2153 (2008) ("Plaintiffs in such

cases generally allege that they have been arbitrarily classified as members of an "identifiable

---

[2] Count VII should be denominated as Count VI, as the Complaint omitted a Count VI.  For purposes of this memorandum, Plaintiff will refer to this count as Count VII.

group.").  National origin and race are suspect classes and subject to strict scrutiny.  *See, e.g.,*
*Douglas v. Stallings*, 870 F.2d 1242, 1245 (7th Cir. 1989).  Thus, the case relied upon by
Defendant is inapposite because this is not a class of one case.  In fact, if Defendant's argument
were accepted, plaintiffs who were unaware of specific comparable individuals could never bring
an Equal Protection challenge, because their petition would be dismissed before any discovery
could be completed.

Instead, the Seventh Circuit recognizes that Equal Protection claims in land use cases can
proceed where the plaintiff alleges: "the malicious conduct of a government agent, in other
words, conduct that evidences a spiteful effort to 'get' him for reasons unrelated to any legitimate
state objective."  *See, Flying J, Inc. v. City of New Haven*, 549 F.3d 538, 544-545 (7th Cir. 2008).
In this case, Plaintiff has certainly pled malicious conduct of a government agent in denying his
zoning variance request based on his national origin and race.  Compl. at ¶¶ 44-49, 24-34, 1-15.
Thus, Defendant's Motion to Dismiss Count II should be denied.

**V.   Plaintiff Seeks Process, as well as, Money Damages and Has Sufficiently Pled his
       Due Process Rights Have Been Violated, Therefore, Count III Should Not Be
       Dismissed.**

Section IV of Defendant's Motion to Dismiss initially alleges Count III should be
dismissed because Plaintiff seeks monetary damages and not proper process in reliance on *Goros*
*v. County of Cook*.  However, Plaintiff's Complaint expressly seeks proper process through the
granting of the variance to which Plaintiff is lawfully entitled, rather than simply payment of
money, and in addition, Plaintiff's request for relief includes any relief the Court deems just and
appropriate.  Compl. at Ct. III.  Moreover, Counts V and VII each specifically seek process-
related relief, rather than money damages.  Compl. at Cts. V and VII.  Moreover, Defendant's
reliance on *Goros v. County of Cook* is completely misplaced.  The *Goros* court dismissed the
complaint because it did not allege a violation of the Constitution or laws of the United States, so

subject matter jurisdiction was lacking.  Instead, the complaint alleged that one county ordinance superseded another county ordinance and, therefore, the plaintiffs were entitled to application of the ordinance granting them increases in their wages.  *Id.* at 858.  Because diversity jurisdiction was lacking, the plaintiffs tried to shoehorn their claims as federal claims under 42 U.S.C. § 1983.  In this case, Plaintiff has established this Court's federal subject matter jurisdiction and seeks both equitable and monetary relief.  Thus, *Goros*' dicta cannot be applied here to deny Plaintiff's valid due process claim.

Next, section IV of Defendant's Motion to Dismiss claims Plaintiff's due process claim must fail because he received an opportunity to be heard at one meeting, relying on *Opp Cotton Mills, Inc. v. Administrator of the Wage and Hour Division of the Department of Labor*, 312 U.S. 126 (1941).  *Opp Cotton*, however, is a vastly different case factually and does not support Defendant's position.  Instead, *Opp Cotton* considered the process required in the establishment of a minimum wage pursuant to the Fair Labor Standards Act.  *Id.* at 133-134.  In that case, Congress specified the manner in which the Department of Labor was to establish minimum wages and those procedures were followed.  *Id.* at 134-142.  There was a lengthy procedure followed and a number of opportunities for the Plaintiff to be heard.  *Id.*

In this case, Plaintiff alleges the procedure was not followed because, among other things, his national origin and race were improperly considered as factors in denying his requested variance.  Besides its factual differences, the case also had sufficient legal differences so that it is inapplicable here.  For example, the Court's statement upon which Defendant relies indicates the "requisite" hearing must be held.  Defendant's argument that Plaintiff was heard at a hearing and therefore received the process due to him ignores the Court's requirements to determine whether the "requisite" hearing was held, i.e., whether the hearing held comported with the due process requirements.  Defendant has failed to establish Plaintiff's failure to allege a

sufficient due process claim.

**VI.   Plaintiff Has Alleged Arbitrary, Irrational, and Invidious Conduct in Denying Plaintiff His Property Interest Sufficiently to Make Out a <u>Substantive</u> Due Process Claim.**

Section V of Defendant's Motion to Dismiss seeks to dismiss Plaintiff's Complaint to the extent it alleges a Substantive Due Process claim.[3]  Defendant misquotes the majority of the cases it cites in support of its argument.  For example, Defendant quotes language from *Washington v. Glucksberg* that "[t]here are only 'handful of fundamental rights [for which] the due process clause has a substantive component.'"  Defs. Mot. to Dismiss at 12.  However, the case actually referred to the Privileges and Immunities clause and not the due process clause. *Washington v. Glucksberg*, 521 U.S. 702, 760 n.6 (1997) ("The *Slaughter-House Cases* are important, of course, for their holding that the Privileges or Immunities Clause was no source of any but a specific handful of substantive rights.").  As another example, Defendant's reliance upon the *Burrell* and *Coniston* decisions is also misplaced because, unlike the instant case, there were no allegations of the administrative agency acting on the basis of race or color.  *Burrell v. City of Kankakee*, 815 F.2d 1127, 1129 (7th Cir. 1987) ("There is no evidence to suggest that the Plan Commission or the City rejected plaintiffs' proposal on the basis of race or color."); *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 467 (7th Cir. 1988) ("the only example we gave of a zoning decision that might flunk the test was one based on race or color.").

Defendant ultimately argues Plaintiff must allege unreasonable and irrational conduct by the administrative agency in order to sustain Plaintiff's claim.  Defendant then claims Plaintiff "has failed to allege such."  Def. Mot. to Dismiss at 13-14.  However, Plaintiff's Complaint

---

[3] Count IV of Plaintiff's Complaint alleges a 42 U.S.C. § 1983 claim which encompasses each of his Constitutional deprivation claims in Counts II and III.  Plaintiff's Complaint alleges violations of the Equal Protection Clause, Procedural Due Process, and Substantive Due Process.  Defendant's Motion to Dismiss attacks Count IV as if it was the Substantive Due Process claim and Plaintiff will respond accordingly.  However, as 42 U.S.C. § 1983 is the procedural mechanism to hold a governmental entity liable for Constitutional violations, it will survive as long as any of Plaintiff's Constitutional claims survive.

alleges the City's actions were "taken with intentional disregard of the law" and were "irrational, and more than arbitrary and capricious."  Compl. at ¶ 50.  Therefore, Plaintiff has alleged irrational, i.e. unreasonable, action that was more than arbitrary and capricious.  As stated in *Coniston*, an example of a zoning decision that might flunk a Substantive Due Process challenge as being arbitrary and unreasonable, or invidious and irrational, is one based on race or color.  *Coniston Corp.*, 844 F.2d at 467 ("the only example we gave of a zoning decision that might flunk the test was one based on race or color.").  Here, Plaintiff has pled the zoning decision made by the City was based on his national origin and race and provided sufficient facts to indicate his claim is plausible on its face.  Compl. at ¶¶ 44-50; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, Defendant's Motion to Dismiss must be denied.

## VII.   Count V of Plaintiff's Petition States an Administrative Procedures Act Claim Over Which This Court Has Supplemental Jurisdiction.

Section VI of Defendant's Motion to Dismiss lacks any citation to case law and should be dismissed for Defendant's failure to satisfy its burden on a motion to dismiss of demonstrating Plaintiff's Complaint fails to state a viable cause of action.  Furthermore, Plaintiff has pled an Illinois Administrative Procedure Act claim pursuant to this Court's supplemental jurisdiction, 28 U.S.C. § 1367.  *See, supra,* Section  III.  Illinois makes zoning decisions by the City subject to judicial review pursuant to the Illinois Administrative Procedures Act ('IAPA'), 5 ILCS 100/1-1-15-10 (2009 online ed.) as an "administrative decision."  65 ILCS 5/11-13-13.  The IAPA requires, among other things, a final administrative decision to be in writing and include findings of fact and conclusions of law.  5 ILCS 100/10-50.  In this case, Plaintiff has, at a minimum, alleged the City violated the IAPA by failing to provide a written decision with findings of fact and conclusions of law.  Compl. at ¶ 59.  Thus, Plaintiff has sufficiently pled an IAPA claim, which is properly before this Court pursuant to its supplemental jurisdiction.  28 U.S.C. § 1367.  Thus, Count V should not be dismissed.

**VIII.   Plaintiff Has Sufficiently Alleged a Declaratory Judgment Cause of Action.**

Defendant half-heartedly claims Plaintiff has failed to sufficiently prove an "actual controversy," which is a prerequisite to the filing of a declaratory judgment action.  28 U.S.C. § 2201.  Defendant claims Plaintiff has failed to allege three required elements.  First, an injury in fact that is concrete and particularized and actual and imminent.  However, Plaintiff's Complaint alleges he has been damaged by his detrimental reliance upon the City's actions by expending a substantial amount of money in improving the property such that it may be used commercially and a loss in value of the property.  Compl. at ¶ 70.  Second, Defendant baldly asserts Plaintiff has failed to allege a causal connection between his injury and the complained of conduct of the City.  However, Plaintiff's Complaint alleges he has been damaged by his detrimental reliance upon the City's actions.  Compl. at ¶ 70.  Third, Defendant claims Plaintiff has failed to plead that it is likely his injury will be redressed by a favorable decision.  However, Plaintiff's Complaint alleged he will be irreparably harmed unless the City is required to grant the use variance properly requested by Plaintiff and he seeks an order requiring the City to grant his use variance request.  Compl. at ¶ 73, Ct. VII "Wherefore" clause.  Thus, Plaintiff has pled an actual controversy and Defendant's Motion to Dismiss Count VII must be denied.

**IX.   Conclusion.**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.  Alternatively, should this Court grant Defendant's Motion to Dismiss, Plaintiff respectfully requests that it permit Plaintiff an opportunity to file an amended petition.

Respectfully submitted,

BOBROFF, HESSE, LINDMARK
 & MARTONE, P.C.

By:     /s/ Marvin L. Lindmark
        Marvin L. Lindmark, #41880
        1650 Des Peres Road, Suite 200
        St. Louis, MO 63131
        Tel:  (314) 862-0300
        Fax: (314) 862-7010
        marvinlindmark@bobroffhesse.com

and

        J. Bradford Goss, #36266
        Law Office of Brad Goss, L.L.C.
        1475 Fairgrounds Road, Suite 102
        St. Charles, Missouri 63301
        (636) 916-3100 – Telephone
        (636) 916-3205 – Facsimile
        bradgoss@sbcglobal.net

        *Attorneys for Plaintiff*
        *Nassir M. Hamed*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was delivered via the Court's electronic filing system on November 30, 2009, to:

Brian T. Kreisler
Alvin C. Paulson
Becker, Paulson, Hoerner & Thompson, P.C.
5111 West Main Street
Belleville, IL  62226-4797

                        /s/ Marvin L. Lindmark