IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NASSIR M. HAMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3 : 09-cv-00718 |
| ) | |
| THE CITY OF BELLEVILLE, ILLINOIS ) | |
| An Illinois Municipal Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**DEFENDANT'S RESPONSES TO
PLAINTIFF'S REQUESTS FOR ADMISSION**

COMES NOW Defendant, The City of Belleville, Illinois, by and through its undersigned counsel, hereby submits the following responses to Plaintiff's Request for Admissions:

1. Admit you denied Plaintiff's request for a zoning variance for the property that is the subject of this lawsuit (the "Property").

**RESPONSE: Admit.**

2. Admit you considered, at least in part, Plaintiff's national origin in ruling on his request for a zoning variance for the Property.

**RESPONSE: Denied.**

3. Admit you considered, at least in part, Plaintiff's race in ruling on his request for a zoning variance for the Property.

**RESPONSE: Denied.**

4. Admit you considered, at least in part, Plaintiff's color in ruling on his request for a zoning variance for the Property.

**RESPONSE: Denied.**

5. Admit you considered, at least in part, Plaintiff's religion in ruling on his request for a zoning variance for the Property.

**RESPONSE: Denied.**

6. Admit the City Zoning Board unanimously approved Plaintiff's zoning variance request for the Property to the City Council.

**RESPONSE: Defendant objects to the term "approved" as the City Zoning Board is a recommending body. Therefore, the Defendant DENIES the request as stated. However, in clarification the Defendant ADMITS that the Zoning Board recommended that the City Council approve the variance request for the property.**

7. Admit the City Council acted arbitrary in its denial of Plaintiff's zoning variance request.

**RESPONSE: Denied.**

8. Admit the City requested a criminal investigation concerning Plaintiff.

**RESPONSE: Defendant DENIES it requested a criminal investigation of the Plaintiff. Defendant ADMITS it performed a local, state, and F.B.I. criminal background check of the Plaintiff required by Illinois law because Plaintiff submitted an application to the City for a liquor license.**

9. Admit the Property has never served a residential purpose.

**RESPONSE: Defendant objects to the terms "property", "served" and "purpose" used in this request as the terms are vague and ambiguous. Defendant DENIES that the property itself has never served a residential purpose. Notwithstanding said objection and denial of the request as stated, Defendant ADMITS that the convenience store structure has never been occupied as a legal bona fide residence or dwelling.**

10. Admit the Property has not served a residential purpose in the last ten years.

**RESPONSE: Defendant objects to the terms "property", "served" and "purpose" used in this request as the terms are vague and ambiguous. Notwithstanding said objection to the request as stated, Defendant ADMITS that the convenience store structure has never been occupied as a legal bona fide residence or dwelling in the last 10 years.**

11. Admit the Property was zoned residential as a result of City Ordinance #6082.

**RESPONSE: Admit.**

12. Admit the Property has been taxed as commercial through the year 2008.

**RESPONSE: Admit.**

13. Admit the Property has been taxed as commercial through the year 2007.

**RESPONSE: Admit.**

14. Admit the Property has been taxed as commercial through the year 2006.

**RESPONSE: Admit.**

15. Admit the Property has been taxed as commercial through the year 2005.

**RESPONSE: Admit.**

16. Admit the Property has been taxed as commercial through the year 2004.

**RESPONSE: Admit.**

17. Admit the Property has been taxed as commercial through the year 2003.

**RESPONSE: Admit.**

18. Admit the Property has been taxed as commercial through the year 2002.

**RESPONSE:** Defendant consulted with the St. Clair County Assessors Office and was advised records for this year are unavailable. Based on said investigation Defendant lacks sufficient knowledge to admit or deny said request. Therefore, Defendant DENIES said request as stated.

19. Admit the Property has been taxed as commercial through the year 2001.

**RESPONSE:** Defendant consulted with the St. Clair County Assessors Office and was advised records for this year are unavailable. Based on said investigation Defendant lacks sufficient knowledge to admit or deny said request. Therefore, Defendant DENIES said request as stated.

20. Admit the Property has been taxed as commercial through the year 2000.

**RESPONSE:** Defendant consulted with the St. Clair County Assessors Office and was advised records for this year are unavailable. Based on said investigation Defendant lacks sufficient knowledge to admit or deny said request. Therefore, Defendant DENIES said request as stated.

21. Admit the Property has been taxed as commercial through the year 1999.

**RESPONSE:** Defendant consulted with the St. Clair County Assessors Office and was advised records for this year are unavailable. Based on said investigation Defendant lacks sufficient knowledge to admit or deny said request. Therefore, Defendant DENIES said request as stated.

22. Admit the Property has been taxed as commercial through the year 1998.

**RESPONSE:** Defendant consulted with the St. Clair County Assessors Office and was advised records for this year are unavailable. Based on said investigation Defendant lacks sufficient knowledge to admit or deny said request. Therefore, Defendant DENIES said request as stated.

23.  Admit the City provided Plaintiff a building permit for the Property in 2008.

**RESPONSE: Admit.**

24.  Admit the City provided Plaintiff a building permit for the Property in 2009.

**RESPONSE: Denied.**

25.  Admit the City Building Inspector did not inform Plaintiff of the residential zoning of his property in January 2009.

**RESPONSE: Denied.**

26.  Admit the City Building Inspector informed Plaintiff of the residential zoning of his property for the first time in March 2009.

**RESPONSE: Denied.**

27.  Admit Plaintiff applied for a zoning variance for the Property.

**RESPONSE: Admit.**

28.  Admit the City Zoning Board recommended the City Council approve Plaintiff's zoning variance request.

**RESPONSE: Admit.**

29.  Admit the City Council considered a citizen petition that was not related to Plaintiff's zoning variance in denying Plaintiff's zoning variance request for the Property.

**RESPONSE: Denied.**

30.  Admit a member(s) of the City Council reviewed newspaper articles relating to terrorist links of people of Palestinian descent in connection with Plaintiff's zoning variance request.

**RESPONSE: Denied.**

31. Admit the documents attached as Exhibit 1 are a true and accurate copy of the file maintained by the City concerning Plaintiff.

**RESPONSE: Defendant admits that the documents submitted as Exhibit 1 are true and correct copies. Defendant denies it is a file maintained by the City concerning the Plaintiff.**

                Respectfully submitted,

                                By: __/s/ Brian T. Kreisler_____
                                Brian T. Kreisler #6283303
                                5111 West Main Street
                                Belleville, Illinois 62226
                                Telephone: 618-235-0020
                                Facsimile: 618-235-8558
                                Email: btk@bphlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2010 I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                __s/___Brian T. Kreisler_____