IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NASSIR M. HAMED,**

    **Plaintiff,**

**v.**

**THE CITY OF BELLEVILLE, ILLINOIS,**
**An Illinois Municipal Corporation,**

    **Defendant.**                                   **Case No. 09-cv-718-DRH**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant's Motion for Summary Judgment and Memorandum of Law in Support Thereof (Doc. 26). Although Defendant moves for summary judgment in its favor as to all counts of Plaintiff's Complaint, since Defendant filed its Motion, the Court issued an Order on August 23, 2010 (Doc. 27), which granted in part and denied in part Defendant's Motion to Dismiss (Doc. 16). Specifically, the Court dismissed without prejudice for lack of subject matter jurisdiction the following counts: Count I – Inverse Condemnation; Count III - Denial of Due Process; Count IV - § 1983 - Violation of Plaintiff's Due Process Rights; Count

V - Appeal Pursuant to the APA; and Count VII - Declaratory Judgment.[1] Therefore, two counts survived dismissal and now remain for the Court's consideration regarding Defendant's summary judgement arguments: Count II - Denial of Equal Protection (claim brought pursuant to the Fourteenth Amendment); and Count IV - Denial Equal Protection (claim brought pursuant to 42 U.S.C. § 1983).

Defendant argues that it should be entitled to summary judgment as to Count II because Plaintiff has failed to produce any evidence that his race, creed, color or national origin was the basis, in whole or in part, for the denial of his zoning variance. As to Count IV, Defendant also believes it is entitled to summary judgment on the basis that Plaintiff has failed to produce any evidence of a constitutional violation. The docket reflects that Plaintiff has not filed a timely Response to Defendant's Motion for Summary Judgment. Pursuant to the Court's Local Civil Rule 7.1(c), "[f]ailure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Thus, pursuant to SDIL-L.R. 7.1(), the Court hereby deems Plaintiff's silence to be an admission as to the merits of Defendant's argument for summary judgment as to Counts II and IV of Plaintiff's Complaint. As such, Defendant's Motion for Summary Judgment (Doc. 26) is hereby **GRANTED** in part and **FOUND MOOT** in part. Summary judgment is granted in favor of Defendant and against Plaintiff as to Counts II and IV of the Complaint (Doc. 2), which are hereby **DISMISSED WITH PREJUDICE**. Defendant's

---

[1] There was no Count VI in Plaintiff's Complaint.

arguments regarding summary judgment as to the other counts in Plaintiff's Complaint are moot, given they have already been dismissed without prejudice by a prior Court Order (Doc. 27).

**IT IS SO ORDERED**.

Signed this 1st day of October, 2010.

/s/     David R Herndon

**Chief Judge
United States District Court**